1  David T. Biderman, Bar No. 101577
   DBiderman@perkinscoie.com
2  PERKINS COIE LLP
   1888 Century Park East, Suite 1700
3  Los Angeles, California 90067-1721
   Telephone:  +1.310.788.9900
4  Facsimile: +1.310.788.3399

5  Kristine E. Kruger, Bar No. 253593
   1301 Second Ave., Ste. 4200
6  Seattle, Washington 98101-3084
   Telephone:  +1.206.359.8000
7  Facsimile: +1.206.359.9000

8  Attorneys for Defendant WAYFAIR LLC

9

10

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13

14  REBEKA RODRIGUEZ, individually,      Case No. _____
    and on behalf of others similarly
15  situated,                            NOTICE OF REMOVAL

16              Plaintiff,

17       v.

18  WAYFAIR LLC,

19              Defendant.

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL

Defendant Wayfair LLC ("Wayfair") respectfully notifies the Court pursuant to 28 U.S.C. §§ 1332(d), 1441(a) & (b), 1446, and 1453 that it hereby removes this case from Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b). In support of this Notice of Removal and this Court's jurisdiction, Wayfair states as follows:

## THE STATE COURT ACTION

1.      On June 24, 2025, Rebeka Rodriguez ("Plaintiff") filed a putative class action complaint in the Superior Court of California, County of Los Angeles, captioned *Rebeka Rodriguez v. Wayfair LLC*, No. 25STCV18387 (the "Complaint"). Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint, which was served on Wayfair by Plaintiff on June 27, 2025, is attached hereto as <u>Exhibit A</u>.

2.      Plaintiff purports to bring this action on behalf of a California class of consumers who "purchased any product from Defendant's Website while in California within the statute of limitations period at a purported discount from a higher reference price." Compl. ¶ 23. Plaintiff alleges that the class consists of at least 50 members. *Id*. ¶ 25.

3.      In her Complaint, Plaintiff alleges that Defendant "advertises fictitious prices (and corresponding phantom discounts) on such products" which allows it to "fabricate a fake 'reference' price, and present the actual price as 'discounted,' when it is not." *Id.* ¶ 7. Specific to her, Plaintiff alleges that she purchased a Weather Resistant Rabbit Hutch for the discounted price of $159.99, which compared to a strike-through reference price of $269.99, but that the product was not offered at the reference price during the 90 days preceding her purchase such that it was not the prevailing price for the product she purchased during the period. This, she claims, constitutes "pricing and advertising practices reflecting high-pressure fake sales" that are "patently deceptive" and "intended to mislead customers into believing that they

NOTICE OF REMOVAL

are getting a bargain by buying products from Defendant on sale and at a substantial and deep discount." *Id.* ¶¶ 9–11.

4.    Plaintiff seeks, among other things, "damages and restitution," as well as an injunction. *Id.* ¶¶ 19, 22. Plaintiff alleges that she and the putative class members "suffered injury in fact and have lost money" as a result of Defendant's purportedly deceptive advertising practices which "influence customer behavior by artificially inflating customer perceptions of a given item's value and causing customers to spend money they otherwise would not have, purchase items they would not have, and/or spend more money for a product than they otherwise would have absent the deceptive advertising." *Id.* ¶¶ 18, 34, 48(i). Plaintiff seeks a "full refund as damages," claiming that she "purchased a Product that Plaintiff would not otherwise have purchased but for Defendant's representations." *Id.* ¶ 21. Further, Plaintiff alleges she is entitled to "all available, equitable, and declaratory relief; [] statutory damages; [] attorney[']s fees and costs as allowed by all; and [] any and all other relief at law or in equity that may be appropriate." *Id.* at Prayer for Relief.

## GROUNDS FOR REMOVAL

### A.    CAFA jurisdiction warrants removal.

5.    "[A]ny civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . ." 28 U.S.C. § 1441(a). This action is removable under § 1441 because the District Courts of the United States have original jurisdiction over it pursuant to CAFA. *See* 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b) (setting procedure for removing class actions).

6.    CAFA gives federal courts original jurisdiction over putative class actions in which: (1) the aggregate number of members in the proposed class is 100 or more; (2) the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interests and costs"; and (3) the parties are minimally diverse, meaning, "any member of a class of plaintiffs is a citizen of a State different from any

NOTICE OF REMOVAL

defendant." 28 U.S.C. § 1332(d)(2), (d)(5)(B). For the following reasons, and as shown in the accompanying declaration of Jessica D'Arcy at Wayfair, (Exhibit B or "D'Arcy Decl."), these requirements are met, and this matter is removable. This action is a putative class action within the meaning of CAFA. CAFA defines "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

**1.     The putative class is comprised of more than 100 members.**

7.     Under CAFA, class actions must have at least 100 members in the putative class. 28 U.S.C. § 1332(d)(5)(B). Plaintiff alleges that the class consists of at least 50 members. Compl. ¶ 25. But Plaintiff's own class definition consists of consumers who "purchased any product from Defendant's Website while in California within the statute of limitations period at a purported discount from a higher reference price." *Id*. ¶ 23. As shown in the accompanying declaration, this putative class of California Wayfair consumers consists of thousands of consumers. Thus, by Plaintiff's proffered class definition, this element is met.

**2.     The aggregate amount in controversy exceeds $5,000,000.**

8.     CAFA permits courts to aggregate the claims of the individual class members "to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6). Where a class action complaint does not expressly allege that more than $5 million is in controversy, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89 (2014). In the Ninth Circuit, a removing defendant's notice of removal "need not contain evidentiary submissions" but only plausible allegations of the jurisdictional elements *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019). If a defendant's

allegations of removal jurisdiction are challenged, the defendant's showing on the amount in controversy may rely on reasonable assumptions. *Id.*; *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 965 (9th Cir. 2020) (denying challenge to removal when underlying assumptions regarding amount in controversy were not shown to be unreasonable).

9.    Plaintiff's demand for monetary recovery—including statutory damages, restitution, and attorneys' fees—places well over $5,000,000 in controversy. *See* Compl. at ¶¶ 19, 22; Prayer for Relief.

10.    First, Plaintiff seeks a full refund as damages or restitution. *Id.* at ¶ 19–21. Plaintiff brings this case on behalf of "[a]ll persons who purchased any product from Defendant's Website while in California within the statute of limitations period at a purported discount from a higher reference price." *Id.* at ¶ 23. Given Plaintiff's intent to recover a complete refund of the purchase price paid, restitution potentially awarded in this matter may be equal to the total retail sales figure, which exceeds $5 million. As explained by the D'Arcy declaration, total sales of discounted products to consumers who purchased any product while in California within the statute of limitations period exceeded $5 million. *See* D'Arcy Decl. ¶ 5; *see also Nathan v. Fry's Elecs. Inc.*, 607 F. App'x 623, 623 (9th Cir. 2015) (accepting declaration from company representative that sales in California exceeded $5 million).

11.    Second, the Complaint also seeks injunctive relief. Compl. ¶ 22; *see also* Prayer for Relief (requesting equitable remedies). When the plaintiff seeks injunctive relief, the cost of complying with the injunction is included in the amount in controversy. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). Under the Ninth Circuit's "either viewpoint" rule, the "test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001). "In other words, where the value of plaintiff's recovery . . . is below the jurisdictional amount, but the potential cost to the defendant of complying

-5-

with the injunction exceeds that amount, it is the latter that represents the amount in controversy for jurisdictional purposes." *Id.* Here, the compliance with an injunction, namely to preclude Defendant from its current advertising practices, also counts towards the amount of controversy. Compl. ¶ 22; *see also* Prayer for Relief (requesting equitable remedies).

12.    Restitution, attorneys' fees, and damages as well as injunctive relief are implicated in Plaintiff's allegations and should be considered in reaching the CAFA amount in controversy, which is well over $5 million here. Accordingly, the amount in controversy prong for CAFA jurisdiction is satisfied.

### 3.    The parties are minimally diverse.

13.    The parties are minimally diverse because "any member of [the class] of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

14.    Plaintiff asserts that she is a citizen of California. Compl. ¶ 4.

15.    Wayfair is not a citizen of California. Wayfair is a limited liability company. For purposes of determining diversity jurisdiction under CAFA, a limited liability company is considered a citizen of both the state where it is organized and the state where it has its principal place of business. 28 U.S.C. § 1332(d)(1); *see, e.g. Ferrell v. Express Check Advance of S.C. LLC*, 591 F.3d 698, 699 – 700 (4th Cir. 2010); *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237 n.1 (10th Cir. 2015).

16.    Wayfair is a limited liability company formed in the State of Delaware. (D'Arcy Decl. ¶ 6 & Ex. 1.) Wayfair's corporate headquarters is in Massachusetts. (*Id.* & Ex. 2.)

17.    Therefore, Wayfair is not a California citizen for purposes of CAFA diversity jurisdiction.

18.    Thus, at least one Plaintiff is a citizen of a different state from Wayfair, and CAFA's minimal diversity requirements are met. *See* 28 U.S.C. § 1332(d)(10).

NOTICE OF REMOVAL

**4.    There are no barriers to removal under CAFA.**

19.    This action does not fall within the exclusions to removal jurisdiction described in 28 U.S.C. §§ 1332(d)(4), (d)(9), or 28 U.S.C. § 1453(d).

20.    Section 1332(d)(4) requires a federal court to decline jurisdiction over a class action when, among other things, "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed," and at least one defendant whose "alleged conduct forms a significant basis for the claims asserted by the proposed class . . . is a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A); *see also* 28 U.S.C. § 1332(d)(4)(B) (similarly excluding cases where "two-thirds or more of" the class members and "the primary defendants, are citizens of the State in which the action was originally filed"). Section 1332(d)(4) does not apply here because Wayfair is not a citizen of California, the state in which the action was originally filed.

21.    Sections 1332(d)(9) and 1453(d) exempt certain securities and corporate governance cases from CAFA's broad jurisdictional grant. *See* 28 U.S.C. § 1332(d)(9) (explaining that § 1332(d)(2) does not apply to cases arising under several sections of the Securities Act of 1933, several sections of the Securities Exchange Act of 1934, and certain state corporate governance laws); *id.* § 1453(d) (same). Those provisions do not bar jurisdiction here because Plaintiff's claims do not arise under the Securities Act of 1933 or the Securities Exchange Act of 1934, nor do they involve state-centric corporate governance issues.

**B.    Venue and intra-district assignment are proper.**

22.    The Central District of California, Western Division is the proper venue and intra-district assignment for this action upon removal because this "district and division embrace" the Superior Court of California, Los Angeles County, where the Complaint was filed and is currently pending. *See* 28 U.S.C. § 1441(a).

**C.    Wayfair has satisfied all other requirements of the removal procedure.**

23.    This Notice of Removal is timely filed. Wayfair was served and this Notice of Removal was filed and served within 30 days of that service, in compliance with 28 U.S.C. § 1446(b).

24.    As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Wayfair are being filed herewith. These documents are attached hereto as Exhibit A.

25.    Pursuant to 28 U.S.C. § 1446(d), Wayfair will promptly serve on Plaintiff and file with the State Court a "Notice to Adverse Party and State Court of Removal to Federal Court." Wayfair will also file with this Court a "Certificate of Service of Notice to Adverse Party and State Court of Removal to Federal Court."

## RESERVATION OF RIGHTS AND DEFENSES

26.    Wayfair expressly reserves all its defenses and rights, and none of the foregoing shall be construed as in any way conceding the truth of any of Plaintiff's allegations or waiving any of Wayfair's defenses.

## CONCLUSION

27.    WHEREFORE, Wayfair requests that this Court consider this Notice of Removal as provided by law governing the removal of cases to this Court, that this Court take such steps as are necessary to achieve the removal of this matter to this Court from the California state court, and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the state court proceeding.

-8-

NOTICE OF REMOVAL

Dated: July 28, 2025

**PERKINS COIE LLP**


By: */s/ David T. Biderman*
    David T. Biderman, Bar No. 101577
    DBiderman@perkinscoie.com
    Kristine E. Kruger, Bar No. 253593
    KKruger@perkinscoie.com


Attorneys for Defendant
WAYFAIR LLC

NOTICE OF REMOVAL

## PROOF OF SERVICE

I, Ernesto Monne, declare:

I am a citizen of the United States and employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 1888 Century Park E., Suite 1700, Los Angeles, California 90067-1721.  On July 28, 2025, I served a copy of the within document(s):

### NOTICE OF REMOVAL

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States Mail at Los Angeles, California addressed as set forth below.

☒  by transmitting via my electronic service address (*EMonne@perkinscoie.com*) the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Scott J. Ferrell
Victoria C. Knowles
PACIFIC TRIAL ATTORNEYS
A Professional Corporation
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Telephone: (949) 706-6464
Fax: (949) 706-6469
Email: sferrell@pacifictrialattorneys.com
        vknowles@pacifictrialattorneys.com

Attorneys for Plaintiff Rebeka Rodriguez

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 28, 2025, at Los Angeles, California.

_____
Ernesto Monne

-10-